Argued March 19, reversed and remanded April 7, 1975

## STATE OF OREGON, *Appellant, v.* PETER ALLAN ROLLWAGE (No. C-74-03-0777 Cr), *Respondent.*

533 P2d 831

*Alvin Alexanderson,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Alton John Bassett,* Portland, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Defendant, 18, was arrested and given the appropriate *Miranda* advice, after which he made oral and written confessions to police officers. The confessions were suppressed as not voluntary by the trial court on motion of the defendant. The trial court found that "[t]here was no violation of defendant's Miranda rights." The court found that the only statements by way of inducement the officers had made were the following:

"* * * I had stated that it sometimes is a lot easier to alleviate yourself of the pressures that you are under if you go ahead and tell what is happening. If you confess, you will feel better. You are already at the bottom. Why not go ahead and start on your road up instead of staying on the bottom for too long."

and

"What I really told him was morally for him what would be best for him would be that since he was at the bottom, since his world had come, was really, you know, at the bottom now that the best thing for him to do was to face what he had done, to talk openly about what he had done so that he could start back up because there was no place lower than what he was. * * *"

The court then found that defendant believed he would get "better treatment in the court" if he confessed and that the confessions were thus the product of unlawful inducement by reason of the above-quoted statements and therefore involuntary. The state appeals.

■■ The test of whether a confession is admissible is whether it was freely and voluntarily made. *Nunn v. Cupp,* 15 Or App 212, 215, 515 P2d 421 (1973), where we quoted:

"In *State v. Shipley,* 232 Or 354, 362, 375 P2d 237 (1962), the Supreme Court held:

" 'The only permissible test for determining the admissibility of a pretrial confession is whether it was freely and voluntarily made. As said by the Supreme Court in *Culombe v. Connecticut,* [367 US 568, 81 S Ct 1860, 6 L Ed 2d 1037 (1961)] at 602:

" ' "The ultimate test remains that which has been the only clearly established test in Anglo-American courts for two hundred years: the test of voluntariness. Is the confession the product of an essentially free and unconstrained choice by its maker? If it is, if he has willed to confess, it may be used against him. If it is not, if his will has been overborne and his capacity for self-determination critically impaired, the use of his confession offends due process."

Voluntariness is the test which has been consistently applied in this state. [Citing cases.]'

Recently, in the case of *Schneckloth v. Bustamonte,* 412 US 218, 93 S Ct 2041, 36 L Ed 2d 854 (1973), the court reaffirmed the test for voluntariness set forth in *Culombe.*" (Brackets theirs.)

Where, as here, the evidence is undisputed, voluntariness is reviewable as a legal matter. *State v. Nunn,* 212 Or 546, 554, 321 P2d 356 (1958).

■ The only contention made by the defendant in support of the claimed involuntariness of his confessions was the quoted statements made by the officer to defendant, which can be distilled into nothing greater than an admonition to tell the truth. Defendant claims, and the court found, that these statements

caused the defendant to believe that he would receive better treatment in the court system if he confessed, rendering the confessions involuntary. We see nothing in the statements which would admit of any such coercive construction.[1]

In a recent case, in discussing the interpretation to be given psychological factors present in a defendant's mind when he confesses, we said:

"If we understand defendants' theory correctly, it is that a statement or confession of a defendant should be considered coerced and thus inadmissible if there are present at the time in the defendant's unconscious or conscious mind factors which create psychological pressures causing him to be willing to give the challenged statement or confession. Such a theory, if adopted, would not only greatly extend the existing legal concepts of improper coercion, but as a practical matter would abort the use of statements or confessions given to the police by a defendant in virtually every criminal case." *State v. Keiper,* 8 Or App 354, 359, 493 P2d 750, Sup Ct *review denied* (1972).

In the present case the record discloses careful police procedure to insure the defendant his constitutional rights with nothing tending to overbear the defendant's will or impair his own capacity for self-determination. We hold his confessions were voluntary and as such should not have been suppressed.

Reversed and remanded.

---

[1] The trial court itself made the following finding:

"* * * [T]here is no conflict respecting the substance of what [the officer] said, and defendant's own testimony agrees with that of the officer on that point * * * and I consequently find that at no time was any reference made by the questioning officer to courts, judges, sentence concessions, or preferential or lenient treatment in return for confession other than [the quoted statements]."