Submitted October 30, 2008, affirmed April 29, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LONNIE DALE MARTIN,
aka Lonnie Dale Rohde,
*Defendant-Appellant.*

Multnomah County Circuit Court
060432596, 060633414;
A135129 (Control), A135132

206 P3d 1176

Peter Gartlan, Chief Defender, and Kristin Carveth, Deputy Public Defender, Legal Services Division, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Erin C. Lagesen, Assistant Attorney General, filed the brief for respondent.

Before Rosenblum, Presiding Judge, and Brewer, Chief Judge, and Riggs, Senior Judge.

ROSENBLUM, P. J.

**ROSENBLUM, P. J.**

Defendant appeals his convictions for unauthorized use of a vehicle, ORS 164.135, possession of a stolen vehicle, ORS 819.300, felony fleeing or attempting to elude a police officer, ORS 811.540, misdemeanor fleeing or attempting to elude a police officer, ORS 811.540, and reckless driving, ORS 811.140.[1] Defendant assigns error to the trial court's denial of his motion to suppress incriminating statements made to the police following his arrest, arguing that the police did not effectively convey to him that he had the right to remain silent. Before defendant made the incriminating statements, the arresting officer gave defendant the *Miranda* warnings, confirmed that defendant understood his rights, and then told defendant that he needed to be honest with the officer. We conclude that defendant was properly informed of the right to remain silent and that he validly waived the right, and, accordingly, we affirm.

The following facts are undisputed. Portland Police Officer Reagan was involved in the pursuit of a pickup truck that had been reported stolen. He lost sight of the pickup for a short time but then came upon it parked crookedly against the curb, with the engine running and no one in it. He saw defendant approximately half a block from the pickup, jogging away from it. Defendant appeared to be nervous and looked back toward the pickup after every few steps.

Reagan approached defendant, placed him under arrest, and handcuffed him. Reagan read him his *Miranda* rights and asked if he understood them. Defendant said that he did. Reagan then told him, "You need to be honest with me about the vehicle and the pursuit. Were you driving the [pickup]?" He answered, "Yes," and told Reagan that he had stolen it.

Defendant moved to suppress evidence of his statements to Reagan under Article I, section 12, of the Oregon Constitution and the Fifth Amendment to the United States

---

[1] Defendant also appeals his convictions for theft in the second degree, ORS 164.045, and criminal trespass in the second degree, ORS 164.245. Defendant's appeal of those convictions was, on defendant's motion, consolidated with his appeal in this case, but defendant does not assign error to those convictions. We affirm those convictions without further discussion.

Constitution. He argued that, by telling defendant that he needed to be honest with him, Reagan undermined the portion of the *Miranda* warning that informed him of his right to remain silent. Thus, defendant contended, his waiver of the right was invalid.

At the hearing on the motion, Reagan testified that he told defendant that he "needed to be honest" because he wanted defendant to be honest with him, but that he did not order him to confess. The trial court found that Reagan did not threaten defendant in any way and that his statement about being honest was not made in the form of an order. It concluded that the statement did not undermine the *Miranda* warning and that defendant voluntarily waived his right to remain silent. It denied the motion to suppress and, following a bench trial, found defendant guilty. This appeal followed.

 We review the trial court's denial of defendant's motion to suppress for errors of law. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993). We are bound by the trial court's findings of fact relating to voluntariness if there is sufficient evidence in the record to support them. *State v. Stevens*, 311 Or 119, 135, 806 P2d 92 (1991). Under Article I, section 12, of the Oregon Constitution and the Fifth Amendment to the United States Constitution, the state must prove the voluntariness of a defendant's statement by a preponderance of the evidence. *Id.* at 137. Under Article I, section 12, a waiver of the right to remain silent is voluntary if, under the totality of the circumstances, it is apparent that the statement was "the product of an essentially free and unconstrained choice [and the] defendant's will was not overborne and his capacity for self-determination was not critically impaired." *State v. Vu*, 307 Or 419, 425, 770 P2d 577 (1989). Under the Fifth Amendment, a defendant's decision to waive his or her *Miranda* rights is valid if it is "voluntary in the sense that it was the product of a free and deliberate choice" and is "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Moran v. Burbine*, 475 US 412, 421, 106 S Ct 1135, 89 L Ed 2d 410 (1986).

■ Defendant renews his contention that his waiver of his right to remain silent was invalid. He argues that his waiver was not made with full awareness of the right, because Reagan failed to effectively inform him that he had the right to remain silent. According to defendant, Reagan's statement—that defendant needed to be honest with him—conveyed to defendant that he needed to explain himself and thus contradicted the *Miranda* warning that he had the right to remain silent. Thus, he contends, the statements that he made thereafter should be treated like any statement made in a custodial interrogation without valid *Miranda* warnings.

The state responds that defendant was fully and accurately informed of his *Miranda* rights and voluntarily made the incriminating statements. The state notes that defendant indicated that he understood his rights before Reagan told him that he needed to be honest. In the state's view, a reasonable person in defendant's position would have understood Reagan's statement as a recommendation to be honest *if* he chose to speak.

We have previously considered and rejected an argument similar to the one defendant now advances. In *State v. Rollwage*, 21 Or App 48, 533 P2d 831 (1975), the defendant asserted that his incriminating statements should have been suppressed because the *Miranda* warnings that he was given were undermined by a police officer's subsequent statements that he would "feel better" if he confessed and that "the best thing for him to do was * * * to talk openly about what he had done." *Id.* at 49. We concluded that the officer's statements were "nothing greater than an admonition to tell the truth" and did not undermine the *Miranda* warnings. *Id.* at 50.

We reach the same conclusion here. The trial court's findings that Reagan's statement that defendant "needed to be honest" was not made in the form of an order and that Reagan did not threaten or pressure him to waive his right to remain silent are supported by the record. Reagan made the statement about honesty after he gave defendant the *Miranda* warnings and after defendant indicated that he understood them. In that context, Reagan's statement did not convey that defendant was required to explain himself. In our view, it was merely an "admonition to tell the truth" if

defendant chose to speak. *Id.* It did not conflict with the warning that defendant had the right to remain silent, or otherwise nullify the warning.

In arguing that his waiver was not made with "full awareness" of the "right being abandoned," defendant relies on *Hart v. Attorney General of Florida*, 323 F3d 884 (11th Cir), *cert den*, 540 US 1069 (2003). In *Hart*, the defendant asked a police officer for clarification on the ramifications of waiving his right to counsel. In the course of explaining the "pros and cons" of having an attorney, the officer told the defendant that "honesty wouldn't hurt him." *Id.* at 894. The defendant waived his *Miranda* rights and gave an incriminating statement. The Eleventh Circuit noted that the defendant's request for clarification indicated that he did not fully understand his right to counsel. It went on to conclude that the officer had misled the defendant, reasoning that the phrase " 'honesty will not hurt you' is simply not compatible with the [*Miranda* warning] that 'anything you say can be used against you in court.' " *Id.* The court explained, "The former suggested to Hart that an incriminating statement would not have detrimental consequences while the latter suggested (correctly) that an incriminating statement would be presented at his trial as evidence of his guilt." *Id.* It concluded, therefore, that the defendant's waiver of his *Miranda* rights was invalid.

In this case, there is no indication that defendant did not fully understand his *Miranda* rights. Furthermore, under the circumstances of this case, the statement "you need to be honest with me" is not incompatible with the warning "you have the right to remain silent." Given those factual distinctions, *Hart* does not support defendant's position.

In summary, we conclude that Reagan properly informed defendant of the right to remain silent and that defendant understood and voluntarily waived that right. It follows that the trial court did not err in denying defendant's motion to suppress.

Affirmed.